MICHAEL GIBBONS *vs.* BRITISH AND NORTH ATLANTIC
STEAM NAVIGATION COMPANY.

Suffolk.   January 12, 1900. — January 13, 1900.

Present:. HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Due Care — Assumption of Risk.*

At the trial of an action for personal injuries it appeared that workmen who were
fitting up the defendant's vessel with sheep-pens had placed an unfinished trough
near a hatch, and that the plaintiff, who was coming up a ladder, took hold of the
trough on reaching the hatch and the trough yielded and fell.   The trough did
not appear to have been put there for the use he made of it.   If the evidence
showed that the plaintiff's ordinary mode of egress was barred, which was
doubtful, it did not appear that he could not get out without using the trough as
he did, and even if that had appeared, still he knew that the work was unfinished.
*Held,* that the plaintiff relied upon the trough at his own risk.

TORT, for personal injuries, occasioned to the plaintiff, a long-
shoreman, while employed by one Sullivan, a stevedore, in dis-
charging and loading a steamer; said Sullivan being employed
by the defendant company.   Trial in the Superior Court, before
*Lilley*, J., who directed the jury to return a verdict for the
defendant; and the plaintiff alleged exceptions, which appear in
the opinion.

*T. H. Buttimer*, for the plaintiff.

*L. S. Dabney & E. James*, for the defendant, were not called
upon.

HOLMES, C. J.   This is an action of tort for personal injuries.
Workmen who were fitting up the defendant's vessel with sheep-
pens had placed an unfinished trough near a hatch.   The plain-
tiff coming up a ladder, when he reached the hatch took hold
of the unfinished trough, relying upon its being heavy enough
or strongly enough fastened for him to trust his weight to it
with safety.   He was mistaken; the trough yielded and he fell.
The judge who tried the case directed a verdict for the defend-
ant, and the case is here on exceptions.   We regard the ruling
as plainly right.   The plaintiff relied upon the trough at his
own risk.   It did not appear to have been put where it was for
the purpose of such use as he made of it.   If the evidence
shows that the plaintiff's ordinary mode of egress was barred,

which is doubtful, it does not appear that he could not get out without using the trough as he did ; and even if that had appeared, still he knew that the work was unfinished, and that he was not at liberty to assume that that particular part of it had reached such a stage that he could rely upon it as securely fastened. It was not even necessary for him to use that hatch and ladder, but if it had been, he could not hold the defendant liable for his accident.                    *Exceptions overruled.*